UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-708 (RCL) |
| | ) |
| LEO CHRISTOPHER KELLY, | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION IN LIMINE

Mr. Kelly seeks to prevent the Government from using the following terms : "Rioters," "Breach," "Confrontation," "Police Line," "Anti-Government Extremism," "insurrectionists," and "mob." Mr. Kelly also seeks to limit the Government from referencing Mr. Kelly as an "Anti-government extremist" or utilizing captions on photos, videos, or exhibits referencing the same.

In support, he states:

**A. The references to rioters, breach, confrontation, mob, anti-government extremism and/or insurrectionist(s).**

1. Any out-of-court "statement" offered in evidence to prove the truth of the matter asserted is hearsay. Fed. R. Evid. 801(c).

2. The term "statement" includes both oral and written assertions. Fed. R. Evid. 801(a).

3. Hearsay evidence is inadmissible unless authorized by another rule or statute. Fed. R. Evid. 802.

4. "Hearsay is generally inadmissible as evidence because it is considered unreliable." *United States v. Lozado*, 776 F.3d 1119, 1121 (10th Cir. 2015) (*citing Williamson v. United States*, 512 U.S. 594, 598 (1994)).

5. The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. The Clause precludes the government from introducing even otherwise admissible hearsay. *Crawford v. Washington*, 541 U.S. 36 (2004).

6. If these terms are included on a video, photo, or other item of evidence, or referenced, while the time and location of a video recording might not be hearsay or generate a Confrontation Clause problem, statements such as "Rioters Approach," "Breach," "Confrontation," "Police Line," etc. do because they are testimonial.

7. Opinion testimony is not helpful, if the opinion is one that the witness is in no better position to render than the jurors themselves. *United States v. Garcia-Ortiz*, 528 F.3d 74, 79–80 (1st Cir. 2008); *United States v. Wantuch*, 525 F.3d 505,514 (7th Cir. 2008).

8. Nor should opinion testimony usurp the fact-finding role of the jury. *United States v. Garcia*, 413 F.3d 201, 210–11 (2d Cir. 2005); *United States v Grinage*, 390 F.3d 746, 750–51 (2d Cir. 2004).

**B. The reference to Mr. Kelly being an anti-government extremist**

The Defendant has reason to believe that the Government may attempt to introduce evidence, make prejudicial statements, or ask prejudicial questions about the character of the Defendant when character is not in issue and has no relevance to the crimes charged. Under the Federal Rules of Evidence, the Government may

not introduce specific instances of character of the Defendant, and it may not introduce any evidence of the character of the Defendant unless Defendant has raised such evidence and it is a "pertinent" trait to the case. Fed. R. Evid. 404(a)(2)(A) (requiring evidence against victim to be "pertinent"); Fed. R. Evid. 405 (limiting evidence of specific conduct to cases in which character is "an essential element of a charge, claim, or defense"). Here, the character of the defendant and his views about the government is wholly irrelevant to any of the listed charges and is therefore not "pertinent." Accordingly, the Court should order the Government not to make any statements about the character of the Defendant without leave of the Court. Additionally, said attempted use fails 403 analysis. The use of this information seeks to inflame the trier of fact and the ability to render a fair, impartial verdict. The Government seeks to admit this information to establish that anti-government extremism makes Mr. Kelly anti-law enforcement as well, which could not be further from the truth. As this evidence is of little relevance to begin with, the danger of its use far outweighs its probative value. The evidence is not related to any of the key disputes in this cause, it is not important to resolving an issue in this cause, and the evidence is not needed by the Government to prove any issues in this cause.

## **CONCLUSION**

Based on the foregoing reasons, Mr. Kelly respectfully requests this Honorable Court Grant this Motion in Limine and Grant any and all other relief deemed equitable and fair by this Honorable Court.

Respectfully Submitted,

By: Kira Anne West

\_\_\_\_/s/_____
Kira Anne West
DC Bar No. 993523
712 H. Street N.E., Unit 509
Washington, D.C.  20002
(202)-236-2042
kiraannewest@gmail.com
Attorney for Leo Kelly

\_\_\_\_/s/_____
Nicole Cubbage
DC Bar No. 999203
712 H. Street N.E., Unit 570
Washington, D.C.  20002
703-209-4546
cubbagelaw@gmail.com
Attorney for Leo Kelly

Certificate of Service

I certify that a copy of the forgoing was filed electronically on ECF for all parties of record on this 15th day of November, 2022.

\_\_\_\_/s/_____
Kira Anne West
Attorney for Leo Kelly