UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-00708-RCL-1 |
| | : | |
| **LEO CHRISTOPHER KELLY,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS TWO THROUGH SEVEN AS MULTIPLICITOUS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits that this Court should deny defendant Leo Christopher Kelly's Motion to Dismiss Counts Two through Seven as Multiplicitous. ECF No. 54 ("Def. Mot.").

Counts Two through Seven are as follows:

Count Two: 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds)

Count Three: 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds)

Count Four: 40 U.S.C. § 5104(e)(2)(A) (Entering and Remaining on the Floor of Congress)

Count Five: 40 U.S.C. § 5104(e)(2)(C) (Entering and Remaining in Certain Rooms in the Capitol Building)

Count Six: 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building)

Count Seven: 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

ECF 27.

1

In his motion, Kelly makes a cursory argument that Counts Two through Seven "arise out of the same alleged criminal conduct" and there is no "indication that Congress intended that conduct to be punishable under multiple subsections." Def. Mot. at 3.  From there, Kelly argues that convictions for all of these counts would violate the Double Jeopardy clause of the United States Constitution and, therefore, the Court should dismiss these counts.  *Id.*  This argument is baseless and should be denied.

"A multiplicitous indictment charges the same crime in multiple counts, which violates the Fifth Amendment's prohibition against double jeopardy." *United States v. Doost*, 3 F.4th 432, 437 (D.C. Cir. 2021).  "The Fifth Amendment . . . protects not only against a second trial for the same offense, but also against multiple punishments for the same offense."  *Whalen v. United States*, 445 U.S. 684, 688 (1980) (cleaned up).  *See United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010) (applying *Blockburger* and rejecting a claim that eight of the VICAR assault and murder counts were multiplicitous of the analogous D.C. criminal counts of assault with a dangerous weapon, assault with intent to murder while armed, and first-degree murder while armed).  The government does not violate the Double Jeopardy Clause, however, when it charges a defendant with multiple offenses where each contains an element the others do not.  "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id*. (citing *Morey v. Commonwealth*, 108 Mass. 433 (1871)).

Kelly does not make any substantive argument demonstrating that any the charges he claims are multiplicitous fail this test. Indeed, he does not identify any of the subject charges for which all the elements are among the elements of another charge. Simply, Kelly states that the charges are multiplicitous and ends there. But even a cursory reading of the statutes shows that each contains an element the others do not. Thus, Kelly's double jeopardy claim fails under the *Blockburger* test. *See United States v. McLaughlin*, 164 F.3d 1, 10 (D.C. Cir. 1998) ("Examining the elements of § 1513(b) and each of the D.C. assault provisions at issue reveals that under the *Blockburger* test, § 1513(b) is distinct from both assault with intent to kill while armed and aggravated assault while armed.").

## **CONCLUSION**

For the foregoing reasons, the government respectfully submits that the defendant's motion should be denied.

Dated: November 29, 2022.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    /s/ Ashley Akers
        ASHLEY AKERS
        Trial Attorney
        U.S. Department of Justice
        Detailed to the D.C. U.S. Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 353-0521
        Ashley.Akers@usdoj.gov

        MICHAEL G. JAMES
        Assistant United States Attorney

N.Y. Reg. No. 2481414
Office of the United States Attorney
Eastern District of North Carolina
(on detail to the USAO-DC)
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
(919) 856-4530
Mike.James@usdoj.gov