UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v. ) Case No. 1:21-CR-708 (RCL)

LEO CHRISTOPHER KELLY,

Defendant.

**Defendant's Omnibus Reply to Government responses to Defendant's motions**

COMES NOW Defendant, Leo Christopher Kelly, by and through undersigned counsel, and hereby replies to the Government's Oppositions to Motions Filed by Mr. Kelly.

**Background**

Mr. Kelly filed the following motions on November 15, 2022:

1. ECF 48 Motion to change venue
2. ECF 49 Motion to limine out certain words
3. ECF 50 Motion in Limine
4. ECF 51 Motion in Limine acts of others
5. ECF 52 Motion to Dismiss case as to counts under 1752
6. ECF 53 Motion to Dismiss case as to counts under 1512
7. ECF 54 Motion to Dismiss Counts 2-7 as multiplicities
8. ECF 55 Motion to retain rough notes, and
9. ECF 56 Motion to Suppress Statements and Evidence.

The Government Filed the following motions in limine on November 15, 2022:

1. ECF 57 Motion in limine to exclude improper character evidence, and
2. ECF 58 Motion in limine regarding authentication of publicly available video.

Defendant Kelly requests a hearing on this motion.

The Government filed the following responses to Defendant Kelly's motions on November 29, 2022.

1. ECF 61 Response by USA as to ECF 49 Limine out certain words.
2. ECF 62 Response by USA as to ECF 55 Rough notes.
3. ECF 63 Response by USA as to ECF 54 Dismiss counts 2-7 as multiplicities.
4. ECF 64 Response by USA as to ECF 53 Dismiss case as to 1512 count
5. ECF 65 Response by USA as to ECF 52 Motion to dismiss case under 1752
6. ECF 66 Response by USA as to ECF 48 change of venue.
7. ECF 67 Response by USA as to ECF 51 Limine acts of others
8. ECF 68 Response by USA as to ECF 50 Motion in Limine, and
9. ECF 69 Response by USA as to ECF 56 Motion to Suppress statements and evidence.

**Replies by Defendant Kelly**

1. ECF 61 – Defendant Kelly submits that categorically labeling the events of January 6, 2021 as a "riot" or the people there as a "mob" is not only inaccurate, but also prejudicial to Mr. Kelly who witnessed no violence that day, and there is no evidence of any intent to engage in destructive actions at the Capitol. As such, the term "mob" and "riot" should be precluded from use with respect to Mr. Kelly or used by any witnesses. The government argues that "[w]itnesses need to be able to use appropriate language to explain the nature and gravity of the defendant's conduct." (ECF 61 at p. 5-6.) However, the facts are what speak to this conduct, not the conclusory statements of

witnesses using inflammatory language. It is for the jury to determine the nature and gravity of Mr. Kelly's conduct, not the conclusory opinions of witnesses with a personal agenda to characterize the events of January 6, 2021 in a way that heightens the gravity of Mr. Kelly's participation. Additionally, it is for the jury to determine if a "mob" was present that day or if a "riot" occurred. The definition of mob, according to Merriam-Webser.com is "a large and disorderly crowd of people especially one bent on riotous or destructive action." The very use of the word usurps the function of the jury, which is charged with deciding if Mr. Kelly knowingly engaged in disorderly or disruptive conduct as charged counts 3 and 6 of the indictment.

2. ECF 62 - Defendant Kelly requests that the government continue to provide all materials as required under Brady and the Jencks Act, including all rough notes as requested in the motion. This includes any rough notes pertaining to defendant Kelly's motion to suppress and any hearing related to this motion.

3. ECF 63 – The government has charged Mr. Kelly with offenses that all arise out of his actions on January 6, 2021 of walking in an open door of the Capitol and wandering around. This behavior is the basis for all alleged conduct in counts 2-7. If the government suggests that there is additional behavior they charge under the 1752 counts that is not covered under 40 U.S.C. Section 5104 counts then they should be required to identify what conduct they contend is different.

For example, entering and remaining in a restricted building or grounds under 18 U.S.C. Section 1752(a)(1) requires that the defendant entered or remained in a restricted building without lawful authority and that he did so knowingly. The exact same behavior is covered under 40 U.S.C. Section 5104(e)(2)(A) though the "restricted" location is merely specifically named as a floor of either House of Congress or any cloakroom. The

government has exposed Mr. Kelly to double jeopardy here for the same offense and therefore the court should dismiss these counts. Additionally, the counts which are duplicative of conduct regarding any alleged disorderly behavior by Mr. Kelly should also be dismissed.

The court, if unwilling to dismiss the counts, should order the government to elect which theory they are proceeding under as to each count and specifically show how additional proof is required to meet the burden if they contend that the counts are indeed not multiplicities.

4. ECF 64 – 1512 – Mr. Kelly submits on the papers already filed but corrects the record as to facts stated by the government. First, Mr. Kelly did not "march" to the Capitol-he walked along peacefully with others. Second, he did not "join a other rioters in a confrontation with Capitol police officers." *See* ECF No. 64 at p. 3. Mr. Kelly merely observed the conduct of others. This issue is pending before the Circuit as the Court knows. *See United States v. Miller,* 22-3401.
5. ECF 65 – 1752 – Mr. Kelly submits on the papers.
6. ECF 66 – Change of Venue – Mr. Kelly submits that his need for a change of venue only strengthens with each passing day. Indeed, with yesterday's news of criminal charges being referred by the Jan. 6th select committee against President Trump, the press coverage continues to taint the jury pool in Washington, D.C. The criminal referral process creates potential bias for every Department of Justice employee, and arguably every federal employee, as they are now employed by the same organization, the federal government, currently tasked with assessing this criminal referral and the complicity of former President Trump in the events of January 6, 2021. The media coverage of the criminal referral process in assessing the conduct of former President Trump and the

events of January 6, 2021 is non-stop... (see https://www.washingtonpost.com/national-security/2022/12/19/jan-6-criminal-referrals-faq/, and https://www.washingtonexaminer.com/news/justice/january-6-committee-trump-criminal-referrals-doj, and https://www.dcnewsnow.com/hill-politics/jan-6-panel-reaches-general-agreement-on-criminal-referrals-to-doj/). Mr. Kelly cannot receive a fair trial by a jury in D.C. while this ongoing criminal referral process is unresolved and a continues focus of media interest in the city where the charges are being investigated.

7. ECF 67 – Defendant's motion in limine to exclude the conduct of others should be granted. The government attempts to argue that showing the widespread conduct of others that day is necessary to prove why the electoral college vote was suspended. Without foundation they argue that they will show actions of rioters in other areas of the Capitol building and grounds and "rioters in Kelly's vicinity." ECF 67 at page 16. The conduct of people Kelly did not know, did not support and did not see has no bearing on his actions that day or his charges. Mr. Kelly is not charged with Civil Disorder under 18 U.S.C. 231, therefore, the proof of what others are doing that day at the Capitol is not relevant or required proof for his charges and should be excluded. The government contends that evidence of conduct by others near Kelly in the Capitol is relevant to explain how Kelly's own conduct "was disorderly and disruptive, and to prove his motive and mens rea." ECF 67 at p 12. They further argue that the "nature of Kelly's crimes arises from collective action." *Id.* This tells the Court everything about what the government intends to do at trial. Because Mr. Kelly was not destructive, disorderly or in any way violent, the government will seek to use the conduct of others to taint the jury against Mr. Kelly and dirty him with the conduct of others that Mr. Kelly did not support

and in most instances didn't even see. This is exactly why Mr. Kelly seeks to limine out this irrelevant and biased evidence pre-trial through his motion.

Disorderly and disruptive conduct are elements of counts Three, Five and Six as charged, but that relates to his own conduct and not that of the "mob" that swarmed the Capitol that day. The intent must be that of Mr. Kelly's, not the intent of a mob of unknown rioters that that government cannot prove Mr. Kelly adopted or agreed with that day.

8. ECF 68 – Mr. Kelly submits that evidence of irrelevant conduct around the Capitol should be excluded and that any mention of Mr. Kelly's statements regarding President Trump's lawsuits should be excluded as well. If the court does not exclude such testimony, Mr. Kelly asks that the government seek a ruling prior to eliciting such testimony from a witness. Mr. Kelly is not a lawyer and legal conclusions presented by witnesses have little probative value to the charged conduct and what probative value there is will be substantially outweighed by the danger of unfair prejudice, confusing the issues for the jury and the potential of misleading the jury as to a legal conclusion. The same objection as to relevance is related to ECF 58, the government's motion as to authenticity of video's from open sources. Mr. Kelly opposes the use of any open source video that is not relevant to his charged conduct. The admission of these videos are problematic for several reasons, not necessarily authenticity, though Mr. Kelly does demand that the government prove authenticity as required under the rules of evidence. The objection Mr. Kelly believes is more compelling is that these videos have no time stamp as to when they were produced, the government cannot prove the time stamp and in most videos Mr. Kelly is not anywhere near the events that take place. For example, the government has produced a video of the aftermath of the events of January 6, 2021 in

an office of the Capitol. Not only is there no time of when that video was made, but no idea what room it is actually taken in and, most importantly, no proof that Mr. Kelly ever saw that room in that condition. There is no purpose for that video except to taint Mr. Kelly with images of destruction he took no part in and the government cannot tie to Mr. Kelly in any way. For these reasons, Mr. Kelly objects to any and all videos from open sources, first on relevance grounds under F.R.E. 403 and second on authenticity grounds. The authenticity challenges pertain to the fact that the images do not contain time stamps, most do not show Mr. Kelly at all, they have no indication of when they were taken, by whom, or how the government came to possess them. The videos that show some image of Mr. Kelly, either still or in video format, would need to be assessed on a case by case basis for relevancy, but also face similar authentication issues as stated above.

9. ECF 69 – Motion to Suppress Statements and Evidence. The defense stands on the arguments in the original motion.

Respectfully Submitted,

By: Kira Anne West

/s/

Kira Anne West
DC Bar No. 993523
712 H. Street N.E., Unit 509
Washington, D.C. 20002
(202)-236-2042
kiraannewest@gmail.com
Attorney for Leo Kelly

/s/

Nicole Cubbage
DC Bar No. 999203
712 H. Street N.E., Unit 570

Washington, D.C. 20002
703-209-4546
cubbagelaw@gmail.com
Attorney for Leo Kelly

Certificate of Service

I certify that a copy of the forgoing was filed electronically for all parties of record on this 20th day of December, 2022.

__________s/______
Kira Anne West
Attorney for Leo Kelly