UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | CASE NO. 1:21-cr-708-RCL |
| **LEO CHRISTOPHER KELLY,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR
RECONSIDERATION OF DENIAL OF A MOTION TO DISMISS § 1512 COUNT**

The United States of America, through counsel, hereby responds to the defendant's motion to reconsider its prior motion to dismiss Count One of the indictment, based on the application of *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). ECF No. 90. In his motion, the defendant "recognizes that the argument that the dissenting opinion is the controlling opinion is an extraordinary argument." *Id.* at 5. It is extraordinary indeed—extraordinarily incorrect.

A motion for reconsideration is available only "as justice requires." See *United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013). And a court should grant a motion to reconsider only if it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *see also Cruz v. Fed. Election Comm'n*, No. 19-cv-908 (NJR) (APM) (TJK), 2020 WL 7699951, at *1 (D.D.C. Apr. 24, 2020) (articulating similar "as justice requires" standard for a motion to reconsider: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order'") (internal quotation marks and citation omitted).

As this Court previously ruled in *United States v. Bingert*, 605 F. Supp. 3d 111 (D.D.C. 2022), and as affirmed by *Fischer*, the indictment in this case properly states an offense under 18

1

U.S.C. § 1512(c)(2). *See Fischer*, 64 F.4th at 332. *Fischer*'s binding holding, as joined by two judges, is that §1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding. *Id.* at 335-37 (specifically including efforts to stop Congress from certifying the results of the 2020 presidential election).

In *Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" 64 F.4th at 334 (quoting *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)). Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' the district court dismissed the § 1512(c)(2) counts." *Id.* The government appealed and the D.C. Circuit reversed, holding Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336. This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer*'s binding holding. *Fischer* thus confirms that the indictment in this case is sufficient notwithstanding the fact that it does not allege obstructive acts related to a document, record, or other object.

The defendant nonetheless argues that, notwithstanding the majority's clear rejection of his argument, "the obstruction count in the indictment against Mr. Kelly must be dismissed because the indictment does not allege that the integrity or availability of any evidence was impaired by Mr. Kelly or anyone else." ECF No. 90, at 3. In the defendant's view, *Fischer* "has no majority

opinion," and thus the controlling opinion somehow is the *dissent*. *Id.* at 1. Unsurprisingly, this remarkable argument is incorrect.

*First*, *Fischer* <u>does</u> have a majority opinion: all but Section I.C.1 and footnote 8 of Judge Pan's lead opinion. That opinion held in Section I.A that § 1512(c)(2) was "unambiguous": it "applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Fischer*, 64 F.4th at 336. Second, *Fischer* "reverse[d] the orders of the district court" dismissing the indictments and "remand[ed] for further proceedings consistent with this opinion." *Id.* at 350. This result is entirely inconsistent with the defendant's suggestion that the Section 1512(c)(2) count in this case should be dismissed for the exact reasons rejected by the *Fischer* majority.

Ultimately, the defendant's argument boils down to the assertion that Judge Walker "conditioned" his vote joining Judge Pan's lead opinion on an "unmet condition" regarding the meaning of "corruptly" as it is used in Section 1512(c). *See* ECF No. 90, at 1. According to the defendant, "in effect, the only opinion that garnered two votes is the dissent by Judge Katsas." *Id.* at 4.

The defendant cites no authority for the proposition that a judge may cast a "conditional" vote and that district courts should attempt to determine whether that condition is met when figuring out an opinion's binding holding. Nor does the defendant cite a single case in which the *dissent* was, in fact, the binding opinion. In any event, *Fischer* itself confirms that the defendant's proposed approach is incorrect. Judge Walker discussed at length his view of the meaning of the word "corruptly" as it is used in Section 1512(c) and specifically did not join the part of the lead opinion that "decline[d] to decide the scope of (c)(2)'s 'corrupt[ ]' mental state[.]" *Fischer*, 64 F.4th at 351 (Walker, J., concurring). Judge Walker nonetheless joined the portions of Judge Pan's

lead opinion holding that Section 1512(c)(2) holding that "§ 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336. In other words, Judge Walker knew that his "condition" was "unmet"—that the majority opinion had declined to interpret the meaning of the term corruptly as it is used in Section 1512(c)—and he joined the key holding of that opinion nonetheless. There is thus no basis in the law generally or in *Fischer* specifically for this Court to conclude that the dissenting opinion is, in fact, controlling.

*Second*, although tangentially referenced, as explained in both the lead and dissenting opinions in *Fischer*, the definition of "corruptly" was not squarely presented in that case and therefore was not resolved. *See id.* at *7 (opinion of Pan, J.) ("expressing [no] preference for any particular definition of 'corruptly'" because "the allegations against appellees appear to be sufficient to meet any proposed definition of 'corrupt' intent"); *id.* at *8 (noting that the dissent also "declines to settle on a precise meaning of 'corruptly' at this time" and thus "share[s] much common ground" with the lead opinion "on the issue of *mens rea*"); *id.* at *42-*43 (Katsas, J., dissenting) (surveying possible definitions of "corruptly" but declining to adopt any particular one). Although the concurrence would have determined that "corruptly" means "a criminal intent to procure an unlawful benefit," *id.* at *22 (Walker, J., concurring), the resolution of that *mens rea* issue was not necessary to the court's holding concerning the *actus reus* of the offense—which Judge Walker joined by concurring in all but a section and a footnote in the lead opinion and concurring in the judgment—and his views on the meaning of "corruptly" were not adopted by the other judges on the panel. The unresolved definition of "corruptly" will be argued in the D.C. Circuit on May 11, 2023, in *United States v. Robertson.*

Recently, in *United States v. Ethan Nordean, et al*, 21-cr-175-TJK, the defendants filed a similar motion during trial, asking to construe Judge Walker's opinion as a vote for the dissenting opinion. Judge Kelly denied the motion, holding that Judge Pan's opinion controlled. This Court should similarly decline to engage in such logic games. As explained above, Judge Walker concurred in the judgment of the Court, and in doing so, issued a non-binding concurring opinion regarding the definition of "corruptly." Judge Walker's expressed preference for a specific definition of "corruptly" simply did not justify the defendant's conclusion that he had actually, somehow, joined the dissent.

Thus, the definition of "corruptly" remains the same as this Court has already recognized: to violate Section 1512(c), a defendant must act "corruptly" – requiring the government to prove that a defendant had the requisite intent and a consciousness of wrongdoing. *Bingert*, 605 F. Supp. 3d at 122. Indeed, upon information and belief, every court in the January 6 context, aside from Judge Nichols, has promulgated jury instructions that has adopted some form of this language, often adding that the defendant must use unlawful means or act with an unlawful purpose. *See, e.g.*, *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 95); *United States v. Thomas Robertson*, 21-cr-34-CRC (ECF No. 86); *United States v. Dustin Thompson*, 21-cr-161-RBW (ECF No. 83); *United States v. Anthony Williams*, 21-cr-377-BAH (ECF No. 112); *United States v. Alexander Sheppard*, 21-cr-203-JDB (final instructions not available on ECF); *United States v. Elmer Rhodes, et al*, 22-cr-15-APM (ECF No. 396); *United States v. Doug Jensen*, 21-cr-6-TJK (ECF No. 97).

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:     */s/ Gregory Rosen*
GREGORY ROSEN
Assistant United States Attorney
VA Bar No. 82584
U.S. Attorney's Office
District of Columbia
601 D Street N.W.
Washington, D.C. 20530
Gregory.rosen@usdoj.gov
(202) 252-6932

*/s/ Ashley Akers*
ASHLEY AKERS
Trial Attorney