UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) <br> ) |
| v. | ) Case No. 1:21-CR-708 (RCL) <br> ) |
| LEO CHRISTOPHER KELLY, | ) <br> ) |
| Defendant. | ) <br> ) |

## Defendant's motion for Rule 29

Federal Rule of Evidence 29 permits a district court to enter a judgment of acquittal on any count of conviction if it finds that the evidence on that count is "insufficient to sustain a conviction." Fed. R. Crim. P. 29.  In reviewing a motion for judgment of acquittal, the Court must view all evidence in the light most favorable to the Government, giving it the benefit of all reasonable inferences. *See United States v. Singleton*, 702 F.2d 1159, 1163 (D.C.Cir.1983); *see also United States v. Fennell*, 53 F.3d 1296, 1298 (D.C.Cir.1995).

As indicated before the Court at the close of the government's case on Friday, May 5, 2023, the defendant does not believe the government has proven

their case. The decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), pet. for panel rehearing filed (April 25, 2023), is not precedential authority with respect to the interpretation of "corruptly" in 18 U.S.C. § 1512(c)(2). Both parties in their briefing for the argument before the Circuit coming up on May 11, 2023, agree to this point acting "corruptly" means acting dishonestly, using deception, to obtain a tangible benefit– which he did not do. "Corruptly" does not refer to whether a defendant's conduct was "unlawful."

The Fischer concurring and dissenting opinions noted that in most obstruction of justice prosecutions the requisite mental state is inherent in the commission of the offense. *See id.* at 355 (Walker, J., concurring) ("any endeavor to obstruct a judicial proceeding is inherently . . . corrupt.") (quoting United States v. North, 910 F.2d 843,940-41 (D.C. Cir. 1990) (Silberman, J., concurring in part)); id. at 374 (Katsas, J.) (describing 18 U.S.C. § 1512(a) & (d) as prohibiting "inherently obstructive acts"); *id.* at 379 (noting the "inherently wrongful conduct" covered by§ 1512(b)).  The lead opinion noted that *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-08 (2005) stated that the word "corruptly . . . is normally associated with 'wrongful, immoral, depraved or evil' conduct." Id. at 339-40. But Arthur Andersen did not address the contours of the word "corruptly"; it held that a jury instruction was deficient because it failed to require a finding of consciousness of wrongdoing. Id. at 370 (Katsas, J., dissenting).

Something other than unlawfulness underlies the meaning of the term "corruptly" and the government has not proven that in this case.

Once inside the Capitol, Mr. Kelly took some pictures with his phone. He did not act deceptively. He did not act dishonestly. He did not act "corruptly" for purposes of § 1512(c)(2). The government has not shown that he "knowingly" acted to stop the official proceeding.

The defense has also shown through the government's case as well as their own that there was no restricted perimeter visible to Mr. Kelly. There was no police force that Mr. Kelly could rely on in which to know where to go on Capitol grounds.

Wherefore, the defendant respectfully asks that this Court direct a verdict in favor of the defense.

Respectfully submitted,

KIRA ANNE WEST

By:    <u>kira anne west    /s/</u>
Kira Anne West
DC Bar No. 993523
712 H Street N.E., Unit 509
Washington, D.C. 20002
Phone: 202-236-2042
kiraannewest@gmail.com

CERTIFICATE OF SERVICE

I hereby certify on the 7th day of May, 2023 a copy of same was delivered to the parties of record, by email pursuant to the Covid standing order and the rules of the Clerk of Court.

                                                          Kira west   /S/
                                                          Kira Anne West