**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:21-cr-00708-RCL-1** |
| | **:** | |
| **LEO CHRISTOPHER KELLY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully responds to the defendant's Motion for Acquittal pursuant

to Federal Rule of Criminal Procedure 29. *See* ECF No. 99. In the defendant's motion, he makes

three arguments. First, he argues that the recent opinion in *United States v. Fischer*, 64 F.4th 329

(D.C. Cir. 2023) "is not precedential authority" regarding the definition of "corruptly" in 18 U.S.C.

§ 1512(c)(2). Instead, he relies on his interpretation of the concurring and dissenting opinions in

*Fischer* to define "corruptly." Second, he argues that the government has not proven that the

defendant acted corruptly. Third, the defendant argues that the government has not shown that

there was a "restricted perimeter visible to Mr. Kelly." ECF No. 99 at 3. On those bases, the

defendant seeks a directed verdict. As explained below, these arguments are entirely without merit

and the Court should deny the defendant's motion.

First, as we have previously explained, ECF No. 94 at 2, the defendant's proposed

definition of the word "corruptly" is incorrect. Specifically, the defendant argues that "something

other than unlawfulness underlies the meaning of the term 'corruptly.'" As recited in the

government's proposed jury instructions, to act "corruptly" means to act knowingly, with the intent

1

to obstruct or impede an official proceeding, and with consciousness of the wrongdoing of the act. To act corruptly, the defendant must use unlawful means or act with an unlawful purpose, or both. *See* ECF No. 94 at 5 (citing *United States v. Bingert*, 605 F. Supp. 3d 111, 122 (D.D.C. 2022)).

In *United States v. Fischer*, the D.C. Circuit held that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." 64 F.4th 329, 335 (D.C. Cir. 2023). This portion of the opinion was joined by two judges and thus is binding, *see* ECF No. 94 at 2, contrary to the defense's argument, ECF No. 99 at 2. The definition of "corruptly" remains the same as this Court has already recognized: to violate Section 1512(c)(2), a defendant must act "corruptly" – requiring the government to prove that a defendant had the requisite intent and a consciousness of wrongdoing. Every court in the January 6 context, aside from Judge Nichols, has promulgated jury instructions that has adopted some form of this language, often adding that the defendant must use unlawful means or act with an unlawful purpose. *Id.* Finally, even if the defendant's proposed instruction fell in line with the *Fischer* concurrence, the evidence plainly establishes that the defendant sought a benefit for himself – the continuation of his preferred candidate of choice to remain President of the United States.

Second, the defendant incorrectly states that the government has not proven that the defendant has acted corruptly. The standard under Federal Rule of Criminal Procedure 29 is, at the close of the government's case, there must be sufficient evidence to sustain a conviction. Here, there is. At trial, the government has presented ample evidence for the jury to find that the defendant had the requisite intent and a consciousness of wrongdoing. For example, the defendant sent many text messages about the election results and his expectations on January 6 and he entered the building after seeing numerous signs that indicate he should not have been there, such as people

exiting the building after getting tear gassed, people climbing through broken windows of the Capitol building, people approaching the building with make-shift tactical gear, people armed with weapons trying to enter the Capitol building, people climbing on scaffolding, and general chaos in the area. Once inside the building, the defendant saw officers trying to hold lines to keep people from progressing farther into the building, officers attempting to detain an individual for rushing at the police officers, people chanting and yelling at officers, a person attempting to bash down a door, and people destroying the Parliamentarian's office. The defendant not only entered the Parliamentarian's office, but also the Senate floor where the Senate had emergency evacuated from in the midst of performing the certification. While on the Senate floor, the defendant stood at the dais – the desk of the Vice President of the United States – and rustled through his documents, taking video and photo of those private documents. There is sufficient evidence upon which the jury could find that the defendant acted corruptly. Therefore, the Court should reject the defendant's argument and deny the motion.

Third, and finally, the defendant argues that that the government has not shown that there was a "restricted perimeter *visible to Mr. Kelly*." ECF No. 99 at 3 (emphasis added). The defendant does not appear to suggest that a restricted perimeter did not exist on January 6, 2021. Rather, the defendant appears to argue that the defendant did not see a physical manifestation of the restricted perimeter at a particular time or place. This is factually and legally erroneous. To find the defendant guilty of this offense, the government must prove that the defendant knowingly entered or remained in a restricted building or grounds without lawful authority. The law does not require the defendant see any particular barrier, such as a specific bike rack or an officer line at the start of the restricted perimeter, at any specific time. The government must prove only that the defendant knowingly entered, or knowingly remained in, a restricted building or grounds without lawful

authority, or both. 18 U.S.C. § 1752(a)(1). The government has introduced sufficient evidence to

sustain a conviction on this charge. For example, the defendant knowingly entered and remained

on Capitol grounds after see people climbing on scaffolding, seeing people climb through broken

windows, seeing people sprayed with tear gas exiting the Capitol, hearing screaming and chanting,

seeing lines of police officers in riot gear, and seeing destruction of property in the Senate

Parliamentarian's Office and in the hallway inside the Parliamentarian's door.  Moreover, the

defendant's fixation with the outer restricted perimeter (*i.e.*, signage or fencing) ignores the

evidence as the defendant progressed closer to and into the building. Thus, the Court should deny

the defendant's motion.

**CONCLUSION**

For the foregoing reasons, the government respectfully submits that the defendant's motion

should be denied.


Dated: May 7, 2023.


         Respectfully submitted,


         MATTHEW M. GRAVES
         United States Attorney
         D.C. Bar No. 481052

   By: /s/ Ashley Akers
         ASHLEY AKERS
         Trial Attorney
         U.S. Department of Justice
         Detailed to the D.C. U.S. Attorney's Office
         601 D Street, N.W.
         Washington, D.C. 20530
         Ashley.Akers@usdoj.gov
         (202) 353-0521

         GREGORY ROSEN
         Assistant United States Attorney

4

VA Bar No. 82584
United States Attorney's Office
District of Columbia
601 D Street N.W.
Washington, D.C. 20530
Gregory.Rosen@usdoj.gov
(202) 252-6932