UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 21-CR-00708(RCL) |
| LEO KELLY. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR RELEASE PENDING APPEAL**

Although a "substantial question" must be more than merely non-frivolous, it is not Defendant's burden for present purposes to persuade this Court that it erred. *See United States v. Quinn*, 416 F. Supp. 2d 133, 136 (D.D.C. 2006) (granting release pending appeal despite having been unpersuaded by defendant's arguments on the questions). Furthermore, the Government's response does not dispute that, if the statutory criteria are satisfied, release pending appeal is mandatory rather than discretionary. *Id.* at 137 (*citing* 18 U.S.C. §3143(b)(1)(B)). Defendant is presenting questions whose resolution can result "in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *United States v. Green*, 1998 WL 796118, at *1 (10th Cir. Nov. 17, 1998).

1

The government makes much of defendant's short shrift given to the opinion in *Fischer*.[1] The D.C. Circuit might say attending the stop the steal rally and a text message that says "it will be wild" may not be enough for conviction beyond a reasonable doubt and reverse on a sufficiency of evidence issue. This Court states in his opinion, ECF. 131, that Mr. Kelly's actions were in part done "for the benefit of President Trump." *Id*. at 14-15. Yet there is no evidence from the trial that shows this to be the case. Unlike the facts in *Fischer*, there is a dearth of evidence here to show intent to obstruct the vote by Mr. Kelly. This Court also relied on "statements" of Mr. Kelly "evincing his intent to stop the certification of President Biden as winner…" *Id.* at 14. The Circuit can easily dispose of any of Mr. Kelly's statements as political or religious rhetoric not aimed at the certification since there was never any discussion with anyone about any certification or vote. This Court also points to the "disruptive conduct" Mr. Kelly engaged in on the Senate floor. The Circuit may find that Mr. Kelly's conduct was no more disruptive than that of New Yorker reporter Luke Mogelson who was in the same area as Mr. Kelly on the Senate floor, engaging in the same conduct, save Mr. Kelly's prayer. The defense agrees with the government that a substantial question is "…one that very

---

[1] 64 F.4 329 (D.C. Cir. 2023).

well could be decided the other way." Gov. Opp. P.3, *citing Perholtz*.[2] It all depends on the panel you get.

The contention that the Court did not limit Defendant's efforts to introduce potentially exculpatory evidence about the Operational Plan is without merit. *See* Gov. Opp. at 4-5. There are many lines of inquiry Defendant could have followed. Why did such a plan exist with such a significant error? Was it every corrected? Was this document, dated just a day before the events of January 6, 2021, a reflection of a policy at USCP to allow anti-Trump supporters access while denying others access to the steps of the Capitol that day? Was there a plan to allow counter-protestors the same access to this area?

During Mr. Kelly's trial, a crack in the government's narrative was exposed when Tia Summers testified that she thought the redline map was in existence before January 6, 2021. The governments been putting this redline map in evidence in every J6 case without any basis for its authenticity or reliability. How is a map made after January 6 relevant to what happened January 6? The defense should be able to cross on this. The OPS plan is the only piece of evidence the defense has seen that was in existence prior to January 6 that talked about any perimeter. Not allowing Defendant to introduce the entire OPS plan as an exhibit deprived Mr. Kelly of the right to confront and cross examine the evidence used against him. He

---

[2] *United States v. Perholtz,* 836 F.2d 554, 555 (D.C. Cir. 1987).

was denied the ability to use the Operational Plan as evidence of the actual published plan in effect that day. Had the Court not limited Defendant by its ruling of excluding the OPS plan, then he would have been afforded his constitutional right to cross examine the witnesses in this case and get to the truth. The Operational Plan clearly stated that a permit had been issued for the "Donald You're Fired March on DC" to gather on the steps of the Capitol on January 6, 2021, at noon. Mr. Kelly filed a brief and laid out the facts of this OPS plan and its relevancy. *See* ECF No. 96, defense exhibit 103. The only people they were going to let into the perimeter were anti-Trump people. Mr. Kelly was also on the steps of the Capital that day. It wasn't really a restricted area. The plan goes to the state of mind of the Capitol Police on January 5, 2021 when they were briefed with this OPS plan. This plan was used by members of the Capitol police to prepare for January 6, 2021 and dated January 5, 2021. *See* defense exhibit 103. Mr. Kelly also gathered on the steps of the Capitol that day and to the extent that the government was prepared to allow individuals to do just that, without tickets or passing through security, the Operational Plan was relevant and admissible to go to the state of mind by USCP in enforcing such a perimeter and should have been admitted.

    Mr. Kelly does not believe Ms. Summers mislead the jury on purpose-she had been woodshedded so hard by the government on previous cases that this was

her truth and she believed it because that's what she had been told for months. Perhaps the government mislead her.

Mr. Kelly easily satisfies the requirement of showing that he is neither a flight risk nor a danger to the community pending appeal. This Court stated so at his sentencing. There is no dispute that Defendant has complied with the conditions of his release on bond since his initial appearance before the Court. Therefore, the defense respectfully requests that he be allowed to be released pending appeal.

Respectfully submitted,

   /s/ *Kira Anne West*
Kira Anne West
DC Bar No. 993523
712 H. Street N.E., Unit 509
Washington, D.C.  20002
(202)-236-2042
kiraannewest@gmail.com
Attorney for Mr. Kelly


By: Nicole Cubbage

   /s/   Nicole Cubbage
Nicole Cubbage
DC Bar No. 999203
712 H. Street N.E., Unit 570
Washington, D.C.  20002
703-209-4546
cubbagelaw@gmail.com
Attorney for Mr. Kelly

5

<u>Certificate of Service</u>
I certify that a copy of the forgoing was filed electronically for all parties of record on this 23rd day of September, 2023.
/s/ *Kira West*
Kira Anne West
Attorney for Mr. Kelly