UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LEO CHRISTOPHER KELLY,<br><br>*Defendant.* | Case No. 1:21-CR-708-RCL-1 |

## MEMORANDUM ORDER

In May, Defendant Leo Christopher Kelly was found guilty on seven counts. Minute Entry (May 9, 2023). The Court then sentenced him to thirty months' imprisonment on count 1, twelve months' imprisonment on counts 2 and 3, and six months' imprisonment on counts 4, 5, 6, and 7, all sentences to run concurrently. ECF No. 135. Mr. Kelly filed a notice of appeal in August. ECF No. 137. He then moved this Court to permit his release pending appeal under 18 U.S.C. § 3143. ECF No. 139. The government opposed Mr. Kelly's motion. ECF No. 140. Mr. Kelly replied to the government's opposition. ECF No. 141.

"[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . [shall] be detained" unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[,]" and "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, an order for new trial, a sentence without a term of imprisonment, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). Section 3143(b) "requires a two-part inquiry: (1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be

1

likely to lead to [a reduced sentence]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam). A substantial question is "a close question or one that very well could be decided the other way." *Id.* at 556.

Mr. Kelly raises three substantive legal issues that he plans to pursue on appeal. First, he asserts that the Court erroneously excluded evidence of the Capitol Police's Operational Plan and that United States Capitol Police Captain Tia Summers gave misleading testimony regarding a map of the restricted perimeter on January 6, 2021. ECF No. 139-1 at 5–8. Second, he asserts that the evidence was legally insufficient to sustain his conviction under 18 U.S.C. § 1512(c)(2). ECF No. 139-1 at 8–9. Third, he asserts that the Court denied him due process when it ruled on his motion for new trial without first holding a hearing to take evidence on the "rogue juror issue." ECF No. 139-1 at 10. Although the Court understands why Mr. Kelly intends to raise these arguments on appeal, none of them present "a close question or one that very well could be decided the other way." *See Perholtz*, 836 F.2d at 556.

*First*, Mr. Kelly's evidentiary argument does not present a close question because trial courts are afforded substantial discretion in making evidentiary rulings and the Court reasonably determined that the Operational Plan was inadmissible. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). Additionally, even assuming the Court abused its discretion, the Court's decision to exclude the Operational Plan could not have affected the jury's verdict because the other evidence presented to the jury overwhelmingly established that Mr. Kelly entered and remained in a restricted area where he could not have reasonably believed he was allowed to be—the interior of the Capitol Building and the Senate chamber. The same is true regarding Captain Summers' testimony, which in any event, was not prejudicial.

*Second*, Mr. Kelly's sufficiency of the evidence argument does not present a close question because it depends on speculation that the Supreme Court will grant certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), or that the D.C. Circuit will decide the *mens rea* aspects of 18 U.S.C. § 1512(c)(2) favorably in *United States v. Robertson*, No. 22-3062 (D.C. Cir.). Additionally, the Court has already explained that the evidence was sufficient to convict Mr. Kelly. ECF No. 131. Under currently binding precedent, the evidence adduced at trial does not present a close call as to any count, no matter which panel Mr. Kelly draws on appeal.

*Third*, Mr. Kelly offers no support for his contention that the failure to hold a hearing on his motion for new trial constituted a denial of due process. The Court is not aware of any case law that requires it to conduct a hearing *every time* a defendant alleges juror bias. That is especially true under the circumstances of this case. *See* ECF No. 131. As the Court explained in its Memorandum Opinion, the post-trial statements attributed to the juror by Mr. Kelly were substantially equivalent to statements made by the juror during *voir dire*. ECF No. 131 at 10–11. And there was no evidence the juror lied or withheld information. ECF No. 131 at 9–10. Mr. Kelly's allegations were insufficient to warrant a hearing.

For these reasons, it is **ORDERED** that Mr. Kelly's Motion [139] for Release Pending Appeal is **DENIED**.

**IT IS SO ORDERED.**

Date: September __, 2023

Royce C. Lamberth
United States District Judge