UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:21-cr-708-RCL-1 |
| LEO KELLY, | |
| *Defendant.* | |

## ORDER DENYING RENEWED MOTION FOR BAIL PENDING APPEAL

Before the Court is Leo Christopher Kelly's Renewed Motion for Bail Pending Appeal, ECF No. 148. The Court has had a few occasions to summarize the conduct underlying Mr. Kelly's conviction and sentence, and so will offer only a brief account of the facts. Mr. Kelly participated in the Capital Riot of January 6, 2021. *United States v. Kelly*, No. 23-cr-708-RCL-1, 2023 WL 5275154, at *8 (D.D.C. Aug. 16, 2023). Mr. Kelly ignored direct orders from police officers to disperse; pushed his body through a police line, helping to clear the way for a group of rioters behind him; walked onto the Senate Floor, where he rummaged through and took photos of official Electoral College certification paperwork and a threatening note left by fellow rioter Jacob Chansley on the Vice President's desk; and took videos of himself and other rioters speaking from the dais. *Id.*; Gov't Opp'n to Def's. Mot. for Reconsideration 7–8, ECF No. 144.

The jury convicted Mr. Kelly on seven counts: obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count One), entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1) (Count Two), disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2) (Count Three), entering and remaining on the floor of Congress in violation of 40 U.S.C. § 5104(e)(2)(A) (Count Four), entering and remaining in certain rooms in the Capitol Building in violation of 40

1

U.S.C. § 5104(e)(2)(C) (Count Five), disorderly conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Six), and parading, demonstrating, or picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Seven). This Court sentenced Mr. Kelly to 30 months' incarceration and 12 months' supervised release on Count One, 12 months' incarceration and 12 months' supervised release on Counts Two and Three, and 6 months' incarceration on Counts Four, Five, Six, and Seven, with all terms of incarceration and supervised release to run concurrently. J. 3–4, ECF No. 135.

On September 14, 2023, Mr. Kelly moved for release pending appeal under 18 U.S.C. § 3143(b)(1). ECF No. 139. The Court denied that motion, finding that the issues which Mr. Kelly intended to raise on appeal did not, at the time, present "a close question or one that very well could be decided the other way." Mem. Order Denying Mot. for Bond Pending Appeal, ECF No. 142 (quoting *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam)).

After the Supreme Court granted certiorari in *United States v. Fischer*, 144 S. Ct. 537 (2023), Mr. Kelly moved for reconsideration of his Motion for Bond Pending Appeal. ECF No. 143. The Court granted Mr. Kelly's Motion for Reconsideration because the grant of certiorari constituted a "significant change in the . . . facts since the submission of the issue to the Court." *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). The Court thus returned to the merits of Mr. Kelly's Motion for Reconsideration, and held that Mr. Kelly's arguments on appeal now raised a substantial question within the meaning of § 3143(b). Mem. Order Granting Mot. for Reconsideration 7–8, ECF No. 147. Nevertheless, the Court denied the motion once more, finding that even if *Fischer* should be resolved favorably to Mr. Kelly, it would not result in a

sentence reduction so great as to yield "a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv).

On June 28, 2024, the Supreme Court rendered its decision in *Fischer*. 144 S. Ct. 2176 (2024). Mr. Kelly then moved the Court a third time for release pending appeal. The Government has responded opposing Mr. Kelly's motion, ECF No. 149, and Mr. Kelly has in turn submitted a reply. ECF No. 150. This Motion is now ripe for the Court's review. Because the Supreme Court's decision in *Fischer* does not alter or implicate any of the Court's reasoning that led to the denial of Mr. Kelly's last motion for release, the same outcome will obtain: Mr. Kelly's Motion will be **DENIED**.

I.     **LEGAL STANDARD**

There is no disagreement as to the applicable legal standard in this dispute. In order to succeed on a motion for release pending appeal, the movant bears the burden to show "by clear and convincing evidence" that three conditions are satisfied: first, that he is "not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. § 3143(b)(1)(A); second, that "the appeal is not for the purpose of delay," and third, that it "raises a substantial question of law or fact likely to result in—(1) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B); *see also United States v. Weyer*, No. 22-cr-40-JEB, 2024 WL 809962, at *1 (D.D.C. Feb. 27, 2024) ("Defendant bears the burden of satisfying both §3143(b)(1)(A) and 3143(b)(1)(B).") (first citing *United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987), then citing *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007), then

citing *United States v. Bledsoe*, No. 21-cr-204-BAH, 2024 WL 341159, at *3 (D.D.C. Jan. 30, 2024)).

## II. ANALYSIS

As to the first § 3143(b) requirement, the Defense points out correctly that this Court has already determined that Mr. Kelly does not present a risk of flight or a danger to the community. *See* Mem. Order Granting Mot. for Reconsideration 7. Although the looming election gives reason for pause, under the particular circumstances of this case, the Court will not stray from its prior determination that Mr. Kelly poses no risk of flight or danger to the community.

As to the second requirement, the Court also previously determined that Mr. Kelly's appeal was not for the purpose of delay. *Id.* The Court sees no reason to revisit this finding, and the Government offers none either.

As to the third requirement, there is no dispute that Mr. Kelly's arguments on appeal constitute a "substantial question" for purposes of § 3143. Indeed, this Court determined that the questions raised were substantial even before a decision was rendered in *Fischer*. *Id.* at 7–8. The actual outcome in *Fischer* only bolsters this conclusion.

However, Mr. Kelly still bears the burden to show by clear and convincing evidence that the outcome in *Fischer* is likely to diminish his sentence by so much that it would be shorter than the sum of his time already served plus the expected duration of his appeal. Far from demonstrating this by clear and convincing evidence, Mr. Kelly has failed even to engage with the analysis in the Court's prior Order suggesting that the exact opposite may be true. In the Renewed Motion, Mr. Kelly claims that in the Court's last Order denying Mr. Kelly's request for release pending appeal, "the Court found that if Kelly's § 1512(c)(2) were vacated, he would

4

likely be resentenced to a term of incarceration between 9.5 and 12 months." Renewed Mot. for Bail Pending Appeal 3. This is a grave misreading of the Court's order, which in actuality states:

> [I]t is highly unlikely that the Court would reduce the 30-month sentence it imposed to less than 9.5 months. The Court is much likelier to impose a sentence of *at least 12 months, and perhaps greater if the Court decides to impose any sentences consecutively.* The Court is likely to impose such a sentence even if it requires an upward variance from the guidelines.

Mem. Order Granting Mot. for Reconsideration 9–10 (emphasis added). The Court has not changed its mind with respect to the strong possibility of imposing consecutive sentences in a hypothetical resentencing if necessary—and importantly, Mr. Kelly's brief makes no attempt to persuade the Court to abandon this position. Nothing about *Fischer* or any hypothetical outcome of Mr. Kelly's appeal bears directly on the severity of his conduct on January 6th, which the Court has already described as "more harmful and egregious than the typical case represented by . . . defendants with only class A and class B misdemeanors stemming from the Capitol Riot." *Id.* at 10. Likewise, the outcome in *Fischer* would not dictate the Court's application of the sentencing factors prescribed in 18 U.S.C. § 3553(a) in the hypothetical event of a resentencing.

This Order does not pre-commit the Court to imposing consecutive sentences for Mr. Kelly's misdemeanor charges in the event that he is resentenced after appeal. The Court would, in that event, be open to Mr. Kelly's arguments and allocution as to why he deserves a reduced sentence. However, the Court clearly and unambiguously staked out a position in its prior Order noting the significant probability that Mr. Kelly would be resentenced to a term approximating his original 30-month sentence, even if the Court would have to impose consecutive sentences or depart from the guidelines to do so. Mr. Kelly's instant Motion and Reply make no effort to convince the Court that either the outcome in *Fischer* or a reconsideration of the § 3553(a) factors warrant a departure from this position, so that significant probability remains. Mr. Kelly

5

has not met his burden to show by clear and convincing evidence that his appeal is likely to result in a reduced sentence shorter than the sum of his time already served and the expected duration of his appeal;[1] indeed, Mr. Kelly has not shown by clear and convincing evidence that his appeal is likely to result in a reduced sentence *at all*.

Therefore, upon consideration of the Renewed Motion for Bail Pending Appeal, the response and reply thereto, and the entire record herein, it is hereby

**ORDERED** that the Motion is **DENIED**.

**IT IS SO ORDERED.**

Date: August ___1___, 2024

Royce C. Lamberth
United States District Judge

---

[1] Mr. Kelley's Motion notes that his appeal likely will not commence for at least a month, and may then take over 6 months to resolve. Renewed Mot. for Bail Pending Appeal 6–7. But Mr. Kelly has only served 9.5 months of his 30-month sentence to date. Assuming that the Court would, in fact, reimpose a 30-month sentence in the event of resentencing, Mr. Kelly's appeal timeline fits comfortably within the remaining 20.5 months he has left to serve.