UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEO CHRISTOPHER KELLY,<br><br>Defendant. | Case No. 21-cr-708 (RCL) |

**GOVERNMENT'S RESPONSE TO THE
DEFENDANT'S POSITION ON RESENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to the defendant's position on resentencing. *See* ECF No. 158. Specifically, the defendant advances several positions, including: (1) resentencing is not permitted under law; (2) even if it is permitted, imposing additional prison time would "be in error," *id.* at 1; and (3) resentencing the defendant to anything more than 12 months would be in violation of due process principles, *id.* at 2. On all grounds, the defendant is wrong.

**ARGUMENT**

I.  The Court May Resentence the Defendant

The defendant's argument invokes this Court's prior analysis in *Pryer*. But *Pryer* dealt with a very specific and distinct procedural issue – whether the Court has the authority to vacate a sentence within the context of a motion for early termination under 18 U.S.C § 3564(c), after the Circuit had rendered a type of sentence illegal in a different case. As noted within this Court's decision – 715 F. Supp. 3d 72 (D.D.C. Feb. 2, 2024) – the issue dealt with the legal question of whether the Court *could* resentence at the time the motion was pending, given the infirmity in the original sentence. As explained by the Court, the only statutory mechanism "at a later point"

1

available to the Court was if the Court revoked the defendant's probation, it "w[ould] resentence her for her original offense." *Id.* at 81. In other words, the Court's decision rested on a unique procedural posture cabined by the timing of both parties' request. That issue is simply not presented in this case. The defendant's argument also seems to acknowledge the right pathway to resentencing. *See* ECF No. 158, at 6 (adding emphasis on the fact that had a defendant appealed his sentence, the Circuit "might have vacated her sentence and remanded for sentencing."). But his attempt to distinguish the citation is unavailing.

Instead, here, the D.C. Circuit has issued a broad mandate. Consistent with that mandate, this Court must vacate the count of conviction related to 18 U.S.C. § 1512(c)(2) and engage in "further proceedings". *See* ECF No. 152. The question thus remains whether a resentencing is contemplated by such broad language. The answer is yes. This Court retains discretion to resentence Kelly consistent with the D.C. Circuit's mandate. Indeed, the broad language in the D.C. Circuit's mandate contemplates that a district judge will determine whether a resentencing is necessary in light of the sentence imposed in that particular case. "[W]hen th[e] [Circuit] vacates one count of a multi-count conviction, the district court on remand should begin by determining whether that count affected the overall sentence and, if so, should reconsider the original sentence it imposed." *United States v. Blackson*, 709 F.3d 36, 40 (D.C. Cir. 2013). "[I]n the absence of more specific remand instructions, the general rules for resentencing set forth in *[United States v.] Lyons*, [706 F.2d 321 (D.C. Cir. 1983)], [*United States v.] Whren*, [111 F.3d 956 (D.C. 1997)], and [*United States v.] Rhodes*, [145 F.3d 1375 (D.C. Cir. 1998)] apply." *Blackson*, 709 F.3d at 42. Thus, consistent with Circuit precedent, the mandate directs this Court to consider whether the sentences imposed on the remaining counts are impacted by the vacatur of the defendant's

2

§ 1512(c)(2) conviction. If the Circuit's decision and vacatur of the § 1512 conviction affected the sentence, a resentencing is appropriate; if the vacatur had no impact on the sentence for the remaining counts, resentencing is not permitted.

Resentencing is warranted here. "[A] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent," and "a district court's original sentencing intent may be undermined by altering one portion of the calculus." *Blackson*, 709. F.3d at 41 (quoting *Pepper v. United States*, 562 U.S. 476, 507 (2011)). "[W]hen a defendant is found guilty on a multicount indictment, there is a *strong likelihood* that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan, and that if some counts are vacated, the judge should be free to review the efficacy of what remains in light of the original plan." *United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999) (emphasis added) (internal quotation marks omitted).

Here, the defendant was convicted of multiple counts, including felony Obstruction. The 30-month sentence represented a high-end sentence of the applicable guidelines range after consideration of the defendant's conduct, his lack of acceptance, and the analysis of the §3553(a) factors. The Court's analysis was not limited to the §1512(c)(2) conviction either, but applied to all charges, as reflected by the concurrent sentences imposed.

The Court's analysis makes clear that, rather than serving as "just an additional Count that carried no independent weight," the defendant's § 1512(c)(2) conviction was an integral part of the Court's sentencing plan. *Blackson*, 709 F.3d at 39. The concurrent sentences on the non-§1512(c)(2) counts—which were the statutory maximums, and significantly lower than the 48-month sentence this Court deemed appropriate in light of the defendant's conduct underlying all

charges—were not imposed "without a view towards the ultimate total." *United States v. Lassiter*, 1 F.4th 25, 29 (D.C. Cir. 2021). In fact, the concurrent nature of the sentences on the non-§1512(c)(2) counts was required in light of the sentence on the § 1512(c)(2) conviction. *See* U.S.S.G. § 5G1.2(c) (requiring sentences on multiple counts to run concurrently if, as was true here, "the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment"). The defendant's concurrent sentences on the non-vacated counts were thus affected by, and intertwined with, his sentence on the § 1512(c)(2) conviction, and this Court should "review the efficacy of what remains in light of the original plan." *Townsend*, 178 F.3d at 567; *see also id.* at 569 ("[W]here the district court is sentencing outside the guidelines range, it is particularly important that the district court have discretion to reevaluate the entire sentencing package.") (citation omitted). Here, resentencing is thus proper and permitted under the law.

II. The Defendant's Claim of Error is Unpersuasive

The defendant also claims that it would be error to impose more jail time upon a resentencing "under the Circuit's *Brown* decision". ECF No. 158, at 6. This too is wrong. In *Brown*, the D.C. Circuit assessed the reasonableness of a district court's chosen sentence in the context of an above-guidelines sentence. As *Brown* noted, district courts are not bound by a guidelines range. 857 F.3d 403, 405 (D.C. Cir. 2017). Rather, the Court must offer a "specific reason" for why a particular defendant's case calls for a more severe sentence than other cases falling within the same guidelines categories. *Id.* In other words, *Brown* stands for the uncontroversial principle that judges must draw on specific facts and rationale – recognizing the demands of §3553(a)(6) – before pronouncing a sentence that goes beyond the guidelines range. *Id.* We agree.

4

The government's memorandum for resentencing in this case explicitly outlines the reasons for why *this* defendant's actions, conduct, and intent put him in a different category than others convicted of similar misdemeanor offenses with similar guidelines. The government need not dwell on its previously stated arguments, but the defendant's complaints ring hollow. He invents a discussion about proximate cause, ECF No. 158, at 8, wordsmiths the use of a metaphor, *id.*, and accuses the government of using the guidelines as a "loophole" to evade the Supreme Court's decision in *Fischer*. *Id.* This is all incorrect. Rather, the government is properly identifying key aggravating factors that merit consideration for an upward departure or variance – consistent with what Congress prescribed. Indeed, under then prevailing law, a jury found that the defendant exhibited specific *and* corrupt intent to interfere with a key and unique congressional proceeding. But nowhere in the current guidelines does that finding carry meaning. While the Supreme Court addressed the scope and contours of §1512(c)(2), it did not, however, order this Court to bury its head in the sand when evaluating whether a defendant's conduct is worthy of a certain sentence. The defendant's hyperbolic attempts to reproach the government for allegedly obscuring the facts fall flat when one considers his comparator cases, where defendants took pleas, accepted responsibility, and were not have found to exhibited specific and corrupt intent to stop or delay the peaceful transfer of power. ECF No. 158, at 9.

Nor is the government seeking to "end-run" the Circuit's judgment in *Brock*. ECF No. 158, at 10. This Court imposed a fair and just sentence, considering the applicable guidelines *and* §3553(a)'s factors. Indeed, the Court's original sentence did not comport with *either* party's recommendation. While *Brock* addressed the technical application of the term "administration of justice," the Supreme Court, the D.C. Circuit, and many judges have recognized that this argument

5

over enhancements does not remotely diminish the substantive finding that the rioters' conduct substantially interfered with Congress in a way no longer contemplated by the guidelines. Using variances and/or departures to enhance one's sentence is not only proper, but consistent with the intent and guidance offered by the U.S. Sentencing Commission and Congress.

Finally, the defendant's claim that his §1752(a)(2) conviction should be evaluated under U.S.S.G. §2B2.3, rather than §2A2.4, is contrary to binding law. *See United States v. Nassif*, 97 F.4th 968, 983 (D.C. Cir. 2024) ("We accordingly hold that U.S.S.G. § 2A2.4 is the guideline most appropriate to the offense conduct charged in Count Two [§1752(a)(2)]").

### III. The Court Should Resentence Under the Sentencing Package Doctrine and Impose a Sentence Consistent with the Conduct and Underlying Principles of 18 U.S.C. §3553(a)

Finally, the defendant advances a meritless due process argument. According to the defendant, imposing the same sentence as before would essentially amount to "vindictiveness". ECF No. 158, at 10.[1] But the government's recommendation is based on articulated and specific facts as to why the new guidelines range no longer properly accounts for what the defendant actually did. Contrary to the defendant's insinuations, the government is not hiding the ball as to its motivations and intent. We seek to hold accountable a defendant who acted with a requisite intent that distinguishes him from other misdemeanor offenders on that day. Instead of addressing those distinctions – which the defendant claims are "negligible," *id.* at 11 – he instead rails about

---

[1] The defendant's citation to *Pearce* also appears unsupported. *See, e.g.*, *Kelly v. Neubert*, 898 F.2d 15, 16-18 (3d Cir. 1990) ("We hold, in common with authority in other circuits, that a restructuring of a sentence does not trigger the *Pearce* rule when the aggregate sentence is less than that originally imposed and there is no evidence of vindictiveness on the part of the sentencing court."). Here, the government's request does not *increase* the defendant's overall sentence. Instead, we seek the same sentence as originally imposed. There is no legal basis to suggest that imposition of the same sentence would be in retaliatory in nature.

his rights having "lost all meaning". *Id.* This bombastic declaration is flawed: the defendant has exercised all of the rights afforded to him by the U.S. Constitution and federal law. His rights have been fully vindicated. While the parties may disagree about what constitutes the right result – the essence of adversarial litigation – the defendant's attempts to paint a picture of some draconian usurpation of due process is unsupported embellishment.

In sum, the Court should conduct a resentencing, evaluate the submissions related to the defendant's conduct, and determine a just sentence in light of the updated guidelines range, the available departures, and the factors set forth in 18 U.S.C § 3553(a).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:  /s/ Ashley Akers
ASHLEY AKERS
Trial Attorney
U.S. Department of Justice
Detailed to the D.C. U.S. Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Ashley.Akers@usdoj.gov
(202) 353-0521

/s/ Gregory Rosen
GREGORY ROSEN
Assistant United States Attorney
VA Bar No. 82584
United States Attorney's Office
District of Columbia
601 D Street N.W.
Washington, D.C. 20530
Gregory.Rosen@usdoj.gov
(202) 252-6932